IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

NICHOLAS A. COX,

    *Plaintiff,*

vs.

Case No. 13-2406

ARAMARK FOOD SERVICE LLC,
ARAMARK SUPERVISOR HALL,
ARAMARK SUPERVISOR HIGHTOWER,

    *Defendants.*

**MEMORANDUM AND ORDER**

    Pro se Plaintiff Nicholas Cox filed this lawsuit against Defendants Aramark Food Service LLC, Aramark Supervisor Hall, and Aramark Supervisor Hightower.[1] Plaintiff asserts several claims against Defendants including that they violated his First Amendment right to free exercise of religion, violated his rights under the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), violated his Fourteenth Amendment right to equal protection under the law, and violated his First and Fourteenth Amendment rights to be free of retaliation for protected conduct. Defendants filed motions to dismiss, or in the alternative, motions for summary judgment (Docs. 3, 5). Instead of filing a response to these motions, Plaintiff filed a "Notice of

---

[1] Plaintiff originally filed his petition in the District Court of Johnson County, Kansas. Defendants removed the case to this Court within thirty days of service.

Voluntary Dismissal" (Doc. 9). In Plaintiff's Notice of Dismissal, he states that he "gives notice to all defendants . . . that I voluntarily dismiss them from the above case number, thus dismissing the action."

Because Defendants have filed a motion for summary judgment,[2] Fed. R. Civ. P. 41(a)(2) is applicable. This rule provides that "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper."[3] It also provides that "[u]nless the order states otherwise, a dismissal under this paragraph (2) is without prejudice."[4] Rule 41(a)(2) dismissals are "designed primarily to prevent voluntary dismissals which unfairly affect the other side, and to permit the imposition of curative conditions."[5] It is within the Court's discretion whether to grant or deny a voluntary dismissal.[6] Generally, the Court should grant such a dismissal absent "legal prejudice" to the defendant.[7] The following factors are relevant when making this determination: "the opposing party's effort and expense in preparing for trial; excessive delay and lack of diligence on the part of the movant; insufficient explanation of the need for a dismissal; and the present stage of litigation."[8]

---

[2] Instead of filing an answer to the complaint, Defendants filed a motion to dismiss, or in the alternative, a motion for summary judgment. Had Defendants not filed their motions for summary judgment, Plaintiff could have dismissed the action pursuant to Fed. R. Civ. P. 41(a)(1) without a court order.

[3] Fed. R. Civ. P. 41(a)(2).

[4] *Id.*

[5] *Brown v. Baeke*, 413 F.3d 1121, 1123 (10th Cir. 2005).

[6] *Ohlander v. Larson*, 114 F.3d 1531, 1537 (10th Cir. 1997).

[7] *Id.*

[8] *Id.*

In this case, only one factor weighs in favor of Defendants. Plaintiff fails to provide any reason for the voluntary dismissal.[9] Otherwise, all factors are in Plaintiff's favor. Defendants have not put much any effort or expense into preparing for trial. Indeed, they have put minimal effort and expense into the case because the only actions taken thus far are removal from state court and the filing of motions to dismiss. Plaintiff promptly filed a Notice of Dismissal after Defendants filed their motions to dismiss which indicates that Plaintiff has not engaged in undue delay. Finally, the case is in the beginning stage of litigation, and no discovery has occurred.[10] In sum, the factors weigh in favor of the Court dismissing this action without prejudice.

**IT IS ACCORDINGLY ORDERED** this 8th day of January, 2014, that the Court orders this action **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that Defendants' Motions to Dismiss, or in the Alternative, Motions for Summary Judgment (Docs. 3, 5) are **DENIED AS MOOT**.

**IT IS SO ORDERED**.

*Eric F. Melgren*
ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE

---

[9] The Court notes that Plaintiff is pro se.

[10] There are only ten docket entries in the case.